|132    695|
|135  4259|

ROBINSON v. UNITED STATES BENEVOLENT SOCIETY.

1. INSURANCE—LOCAL AGENT—DELIVERY OF POLICY.
   The local agent of an accident insurance company, to whom a policy is sent to be delivered to the applicant, is not the agent of the insured in receiving the policy, so as to effect a valid contract of insurance inconsistent with the terms of the application.

2. SAME—APPLICATION—CONTRACT—POLICY.
   Where an application for insurance provided that the contract should be complete when it was received at the company's office and accepted by its secretary, the application and its acceptance formed the contract until the policy was issued and received in its stead.

3. SAME—WAIVER.
   A person whose application for insurance is received and accepted by the company cannot be bound by a policy issued and sent to the local agent for delivery, and containing provisions inconsistent with the application, until he has had an opportunity to ratify or waive the inconsistent provisions.

4. CONTRIBUTORY NEGLIGENCE—VESTIBULE TRAIN—OPEN DOORS.
   A person who, in passing from his car to the dining car on a

vestibule train, fell from the platform through an open vestibule door, was not guilty of contributory negligence, in the absence of any showing that he knew or should have known the door was open.

Error to Saginaw; Beach, J.  Submitted February 18, 1903.  (Docket No. 96.)  Decided April 14, 1903.

*Assumpsit* by Rosa H. Robinson against the United States Benevolent Society on a contract of accident insurance.  From a judgment for plaintiff on verdict directed by the court, defendant brings error.  Affirmed.

On Friday, June 29, 1900, one Samuel Robinson, Sr., made a written application to the defendant for an insurance policy.  He resided at Charlotte, Mich.  The defendant's local agent at Charlotte was one Wilcox, who solicited the insurance and received the premium.  Mr. Robinson was to start the following Monday morning, July 2d, for Kansas City, Mo., and this application was made in contemplation of that journey.  The material portions of the application read as follows:

"I hereby apply for insurance in the above-named society under classification AA., accident monthly indemnity, $100; accidental death indemnity, $1,000; loss of any two limbs or both eyes, $1,000; loss of one limb, $500; sick monthly indemnity after first week, $60, covering sickness originating after three months' continuous membership.  This application to be based upon the following statements of facts, which I hereby warrant to be true and complete, and is subject to the conditions of the certificate, which I agree to accept, and make the monthly payment of $3.00 on or before the first day of each month hereafter in advance.  *  *  *

"In case of death by accident, my beneficiary shall be Rosa H. Robinson; relationship, wife; residence, Charlotte, Mich.  *  *  *

"I hereby agree that any statement made by me to the solicitor of this application, or by the solicitor to me, shall not bind the society unless written hereon; that this application shall not be binding upon the society

until accepted by the secretary; and that the certificate shall not be in force until actually issued from the office in Saginaw, Mich."

At the bottom of this application, and after Mr. Robinson's signature thereto, appears the following:

"Witnessed and recommended by F. L. Wilcox, agent. "Send policy to F. L. Wilcox at Charlotte, Mich."

Mr. Wilcox forwarded the application to the home office, and on it was written:

"Approved and accepted 12 m., June 30, 1900. "Certificate number 119,524.

"J. B. PITCHER,
"Secretary."

Mr. Wilcox received the policy from the home office on the morning of July 2d, but after Mr. Robinson had left on his journey, and then delivered it to Mr. Robinson's son, who at noon took it to his father's home, and left it on the sideboard. The policy contained the following provision, which is not found in the application:

"If death shall result within three months from date of accident, and solely from accidental injuries, as specified in clause first hereof, received after this certificate has been in full force and effect, without delinquency, for three consecutive months immediately preceding the happening of such accident, the society will pay $1,000 to Rosa H. Robinson (wife), if surviving, otherwise to the executors, administrators, or assigns of the assured."

Mr. Robinson took a vestibule train from Chicago to Kansas City on the evening of July 2d, and, while passing from his sleeper to the dining car, was thrown from the train through one of the side vestibule doors which was open, and was killed. The evidence for the plaintiff showed that the night was very warm and dark, and that the side doors were left open. Plaintiff's original declaration was based on the policy. Her amended declaration was based on the application and its acceptance. The court directed a verdict for the plaintiff.

*McKay & McKay*, for appellant.

*Knight & McAllister*, for appellee.

GRANT, J. (*after stating the facts*).   1. Mr. Wilcox, the local agent of the defendant, was not the agent of Mr. Robinson in receiving the policy, so that it, differing from the terms of the application, became binding upon Mr. Robinson without the opportunity to know its contents and ratify the provisions which are inconsistent with the terms of the application.   The policy was sent to Mr. Wilcox for delivery to Mr. Robinson.   The former so understood, and immediately sought the latter in order to deliver it.   Finding that he had gone, he delivered it to the son.   The contention that under these circumstances the agent of the defendant became the agent of the insured in receiving the policy, so as to effect a valid policy different from the one applied for, finds no support in authority or reason.   Even an express stipulation that the agent of the company shall be deemed the agent of the insured would not change the legal status.   16 Am. & Eng. Enc. Law (2d Ed.), 909, 910.

2. Defendant concedes a contract of insurance, and insists that it is found in the certificate or policy issued by it and sent to its agent, Wilcox.   Plaintiff insists that this certificate or policy differed from the application, and was not binding upon the deceased until he had notice of its provisions inconsistent with the application, and had expressly or impliedly ratified them, and that the application and its acceptance constitute the contract.   The record discloses that this application was made in anticipation of a journey, to be commenced by Mr. Robinson three days thereafter.   It was so understood by the agent. The premium was paid, forwarded, and received at the defendant's home office.   The application expressly provides that the contract of insurance should be complete the moment that it (the application) was received at the company's office and accepted by its secretary.   The application and its acceptance formed the contract until the

certificate or policy was issued and received in its stead. In insurance contracts of this character it is the duty of the company to act with reasonable promptness. Failing to reject within reasonable time, the law implies an acceptance. Mr. May states the rule as follows:

"If an application sent on approval is actually accepted by the company at its home office, though no notice of acceptance is given to the insured, and afterwards rejected only because the premises burned before a policy was made out, the company is bound." 1 May, Ins. (4th Ed.) § 54c.

A similar case to this is that of *Preferred Accident Ins. Co.* v. *Stone*, 61 Kan. 48 (58 Pac. 986). The application contained the stipulation that it should not be binding upon the company until accepted by the secretary, and that the policy should not be in force until actually issued from the office. The premium, as in this case, was paid to the agent, but the agent did not remit it to the company. The applicant in that case, as in this, applied for insurance in contemplation of a journey. The insured met with an accident before the policy was delivered. The only difference between the facts of that case and this is that the agent falsely stated to the insured that he had heard from the company, and that his application had been accepted. The court said that the payment of the premium to the agent was the same as paid to the company, and that:

"It could not lawfully retain the premium and hold the application in abeyance. The retention of the premium and its failure to reject the application, its holding of it while it took time to adjust a matter of concern only to itself, were tantamount to an acceptance of the application and an agreement to issue the policy."

A party applied to the local agent of a fire-insurance company for a policy on personal property, and the agent said he would write it and report it, but doubted whether the company would carry it. The agent did not write or report the risk. The property was destroyed by fire, and

it was held that the contract of insurance was effected. *Campbell* v. *Insurance Co.*, 73 Wis. 100 (40 N. W. 661).

An application for a policy of life insurance was made, and a receipt given by the agent, containing a stipulation that the company should not be liable until the policy was delivered to the applicant while in good health. The application was received, policy written, and sent to the company's agent for delivery, but was never delivered. The company was held liable upon the principle that the unconditional written acceptance of the application consummated the contract. *New York Life-Ins. Co.* v. *Babcock*, 104 Ga. 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134). See, also, *Continental Ins. Co.* v. *Haynes*, 10 Ky. Law Rep. 276, and *Hartford Fire-Ins. Co.* v. *King*, 106 Ala. 519 (17 South. 707).

If it should be held that the sending of the certificate or policy to Wilcox, defendant's agent, was equivalent to delivery to the insured,—and there are authorities which so hold,—then the case comes within *Dailey* v. *Accident Ass'n*, 102 Mich. 290 (57 N. W. 184, 26 L. R. A. 171). The duty of the defendant was to issue the policy in compliance with the terms of the application. If it chose to insert inconsistent provisions, it was its duty to call the attention of the insured to them, so that he might accept or refuse the policy. The insured has the right to assume that his policy will be in accordance with the terms of his application, and he cannot be bound by a different policy until he has had the opportunity to ratify or waive the inconsistent provisions. See, also, *Gristock* v. *Insurance Co.*, 87 Mich. 428 (49 N. W. 634), and authorities there cited.

3. It is urged that Mr. Robinson was, under the undisputed facts, guilty of contributory negligence in passing from his car to the dining car while the train was running at full speed. Counsel cite and rely upon *Sawtelle* v. *Assurance Co.*, 15 Blatchf. 216 (Fed. Cas. No. 12,392). The train in that case was not a vestibule train, and the deceased was either riding upon the platform or passing

from one car to another.   In a vestibule train there is no more danger in passing from one coach to another than in passing from one seat to another in the same car.   Dining cars are attached, and one of the purposes of the vestibules is to make it safe for passengers to pass from car to car. Mr. Robinson had the right to assume that the vestibule doors were closed, and that it was safe for him to pass through.   If the railroad company had removed these safeguards, it was incumbent upon defendant to show that Mr. Robinson either knew or should have known it. It failed to make any such showing.   The railroad company had made the means of passage safe, and invited him to pass, and he was not negligent in accepting the invitation.   *Bronson* v. *Oakes*, 22 C. C. A. 520, 76 Fed. 740; *Marquette* v. *Railroad Co.*, 33 Iowa, 562.

Judgment affirmed.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred.   HOOKER, C. J., did not sit.