WELLS v. PRUDENTIAL INSURANCE CO. OF AMERICA.

1. INSURANCE—LIFE INSURANCE — VALIDITY OF INSURED'S SIGNATURE TO RECEIPT QUESTION FOR JURY.
   In an action on a life insurance policy, where liability was denied on the ground that the policy was not in force, evidence as to the validity of insured's signature to a receipt reciting that the policy was delivered to him for inspection only and that it should not be in force until the first premium was paid, *held*, sufficient to take that question to the jury.

2. SAME—INSURER BOUND BY ACTS OF AGENT WITHIN APPARENT AUTHORITY.
   Although an insurance company may limit the authority of its agent, if it holds him out or gives him apparent authority beyond such limit, it is nevertheless bound by his acts within such apparent authority.

3. SAME—TERMS OF POLICY MAY NOT BE VARIED BY PAROL.
   The provision in a written application for an insurance policy, which was made a part of the contract of insurance, that it should not be in force until the first premium was paid may not be varied by testimony as to a cotemporaneous parol agreement by the agent extending the time of such payment for 60 days, in the absence of proof of any statute affecting the validity of the contract, which was made in a foreign State.

4. SAME—STIPULATION THAT POLICY IS NOT IN FORCE UNTIL FIRST PREMIUM IS PAID IS VALID.
   Insurance companies for their own protection may stipulate that their contracts of insurance shall not be in force until the first premium is paid, and such stipulations are enforceable.

5. SAME—ESTOPPEL—FURNISHING BLANKS—DOCTRINE OF ESTOPPEL NOT APPLICABLE WHERE NO POLICY IN EXISTENCE.
   The rule estopping an insurance company from asserting forfeitures known to it when it furnished blanks for proofs of loss, thus putting the beneficiary to expense in prepar-

[1]Life Insurance, 37 C. J. § 445; [2]Insurance, 32 C. J. §§ 139, 140; [3]Evidence, 22 C. J. § 1471; [4]Insurance,, 32 C. J. § 235; [5]Id., 32 C. J. § 635; 17 L. R. A. (N. S.) 1144; 43 L. R. A. (N. S.) 725; L. R. A. 1916F, 171; 14 R. C. L. 900; 3 R. C. L. Supp. 311; 4 R. C. L. Supp. 929; 5 R. C. L. Supp. 785.

ing and forwarding them, may not be invoked where no contract of insurance was in fact in existence upon which claim could be based.

Error to Hillsdale; Chester (Guy M.), J.   Submitted April 21, 1927.   (Docket No. 160.)   Decided June 6, 1927.

Assumpsit by Cora M. Wells against the Prudential Insurance Company of America on a policy of insurance.   Judgment for defendant *non obstante veredicto*. Plaintiff brings error.   Affirmed.

*Merton Fitzpatrick*, for appellant.

*George E. Brand*, for appellee.

FELLOWS, J.   The application for the policy of life insurance involved in the instant case was in writing. Just before the signature of the applicant is found the following:

*   *   *   "and it is further agreed that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered by said company and the first premium paid thereon in full while my health, habits and occupation are the same as described in this application."

The policy contained the following provisions:

"The Prudential Insurance Company of America.

"In considsition of the application for this policy, which is hereby made part of this contract, a copy of which application is attached hereto, and of the payment, in the manner specified, of the premium herein stated, hereby insures the life of the person herein designated as the insured.   *   *   *   No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or

making or receiving any representation of information.

"Entire Contract Contained in this Policy.—This policy together with the application, a copy of which is attached hereto, contains and constitutes the entire contract between the parties hereto." * * *

It is admitted that on the first quarterly premium of $5.28 but $.50 was paid, and this was paid on the signing of the application. It is undisputed that a return of this sum was tendered by the defendant to plaintiff and her attorney and refused. It is the claim of the plaintiff, beneficiary under the policy, that the agent soliciting the insurance agreed to extend the time of payment of the first premiums for 60 days and that within that time Mr. Wells died. Testimony tending to establish such parol agreement was received over objection that it varied the terms of a written agreement, and final disposition of the case was reserved under the Empson act. A judgment for defendant was eventually entered notwithstanding the verdict for plaintiff.

Defendant's agent denied making any such agreement. He testified that the policy was given to Mr. Wells for inspection, and he produced in court a receipt purporting to be signed by Mr. Wells. It acknowledged receipt of the policy for inspection only and contained a recital that it should not be in force until the first premium was paid. There was also a recital attached to it limiting the authority of the agent substantially as in the policy above quoted. There was some testimony, meagre in character, denying the validity of Mr. Wells' signature to this receipt. We shall assume for the purposes of the case that it was sufficient to take that question to the jury.

An insurance company may limit the authority of its agent. If it holds him out or gives him apparent authority beyond such limit it is nevertheless bound by his acts within such apparent authority. But no

such question is before us.   The agent was not upon this record clothed by his principal with an apparent authority to change and modify the terms of the policy. The policy affirmatively established the contrary.   In Mr. Wells' written application it was agreed that the contract of insurance should not be in force until the first premium was paid, and there is no claim that his signature was fraudulently procured.   What is claimed is that there was a cotemporaneous parol agreement varying its terms.   Legislation may be enacted on this subject, but this was an Ohio contract and there is no claim that there was any statute in that State on the subject or that the rules of law here applicable should not be applied to this contract.

That insurance companies for their own protection may make such stipulations in their contracts as are here found, that such stipulations are enforceable and may be invoked has been the settled law of this State for many years.   *Continental Life Ins. Co.* v. *Willets,* 24 Mich. 268; *McIntyre* v. *Insurance Co.,* 52 Mich. 188; *Robinson* v. *Insurance Co.,* 76 Mich. 641 (6 L. R. A. 95); *Hale* v. *Insurance Co.,* 148 Mich. 453; *Bowen* v. *Insurance Co.,* 178 Mich. 63 (51 L. R. A. [N. S.] 587); *Christophersen* v. *Insurance Co.,* 199 Mich. 634; *Randall* v. *Insurance Co.,* 206 Mich. 418. In *Bowen* v. *Insurance Co., supra,* it was said by Chief Justice STEERE, speaking for the court:

"A contract of insurance rests upon and is controlled by the same principles of law applicable to any other contract.   What the contracting parties intended, mutually agreed to, and their minds met upon, is the measure of their obligations.   They could agree that the policy, though approved and executed, should have no effect until delivered, or till a certain time had arrived, or until some other condition had been performed, and when this is established the courts have no authority to make the contract binding upon either party contrary to their intention and the terms of their express agreement."

That such a contract being in writing may not be varied and changed by parol testimony is also demonstrated by the opinion in that case. Chief Justice STEERE further said:

"A policy of insurance is the formal, written instrument in which a contract of insurance is embodied, and in its nature such as to be within the general rule of law that a contract in writing cannot be varied or altered by parol testimony."

Parol testimony was therefore not admissible to vary or change the terms of the contract, and the parties having agreed in writing that the policy should not be in force until the payment of the first premium had been made, it was not an enforceable contract of insurance until the happening of that event. Insurance companies would not long have sufficient funds to pay losses without the collection of premiums, and, in the absence of statutory provisions as to the form of their policies, may contract with reference to the payment of such premiums in such manner as makes sure their solvency.

It is also claimed by plaintiff's counsel that defendant is estopped from making this defense because it furnished blanks for proof of loss which were executed at some expense to plaintiff. The circumstances surrounding the furnishing of the blanks was somewhat peculiar. Before applying for this insurance, which was termed "ordinary," Mr. Wells had had a policy in defendant company called "industrial" insurance. The blanks sent to plaintiff were those used for "industrial" insurance and it is claimed that the furnishing of such blanks was under a misapprehension of the situation. But we need not and do not rest decision on this ground. We have already pointed out that this policy was never in force. And while it has been held that an insurance company under certain circumstances may be estopped from asserting

forfeitures known to it when it has furnished blanks for proof of loss, thus putting the beneficiary to expense in preparing and forwarding them, such estoppel may not be invoked where no contract in fact exists. *Ruddock* v. *Insurance Co.*, 209 Mich. 638; *Ames* v. *Insurance Co.*, 225 Mich. 44.

The judgment must be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.