KARP *v.* METROPOLITAN LIFE INSURANCE CO.

1. INSURANCE—DELIVERY OF POLICY—FINDING OF COURT.
   Finding of court in trial without a jury that life insurance policy had not been delivered is sustained on appeal where testimony on the subject is conflicting.

2. SAME—CONSTRUCTION OF CONTRACT.
   A contract of insurance is measured by what the parties intended, mutually agreed to and their minds meet upon, the same principles as are applicable to any other type of contract.

3. SAME—DELIVERY OF POLICY DURING LIFE OF INSURED—PAYMENT OF FULL FIRST PREMIUM.
   Stipulations in application attached to life insurance policy that it would not become effective until the policy was delivered and the full first premium was paid to and accepted by the company during the lifetime of the applicant *held,* binding upon beneficiary therein so as to preclude recovery where policy was not delivered nor first premium paid in full prior to death of insured.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 6, 1934. (Docket No. 47, Calendar No. 37,850.) Decided September 18, 1934.

Assumpsit by Nettie Karp against Metropolitan Life Insurance Company, a foreign corporation, on a life insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Peter P. Boyle* and *Louis Rosenzweig,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright,* for defendant.

NELSON SHARPE, C. J. On December 19, 1932, Louis Karp applied for insurance on his life in the defendant company. A policy for $2,000 was issued pursuant thereto on December 28, 1932, and sent to M. Chesley Moran, defendant's agent at Detroit, for delivery. The first premium payable thereon was $34.26. Karp died on January 16, 1933. This action is brought by the plaintiff, the beneficiary named in the policy, to recover the amount thereof. It was tried before the court without a jury and resulted in a judgment for the defendant, based upon a finding that there had been no delivery of the policy. The plaintiff has appealed.

The application, a copy of which was annexed to the policy, contained the following provision:

''That the company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the applicant, in which case such policy shall be deemed to have taken effect as of the date of issue as recited on the first page thereof.''

A paragraph in the policy reads as follows:

''The provisions and benefits printed or written by the company on the following pages are a part of this policy as fully as if recited over the signatures hereto affixed.''

It appears that at the time the application was delivered to the agent, $3 was paid to him to apply on the first premium, the amount of which was $34.26. A receipt therefor was sent to the agent with the policy but it was stated therein that it was ''not binding upon the company until the premium has actually been paid in cash.''

If delivery of the policy was necessary in order to create liability on the part of the defendant, the burden was upon plaintiff to establish it by a preponderance of the evidence. She testified that, on or about January 7, 1933, Moran brought the policy to their home and left it with her on her promise to pay the balance of the premium on the following Saturday; that she then had the money to pay it but he did not call for it until the Monday following and after the death of her husband and that she then returned the policy to him. The agent, Moran, denied that he had at any time left the policy with the plaintiff and Charles H. Patterson, an inspector sent by the defendant to investigate her claim, testified that she admitted to him that she had never seen the policy. The trial court found that the policy had not been delivered and with this finding we are in accord.

Counsel for the plaintiff insist that "actual manual delivery" was not necessary in order to create liability. In *Bowen* v. *Prudential Ins. Co. of America,* 178 Mich. 63 (51 L. R. A. [N. S.] 587), the following from 1 May on Insurance (4th Ed.), § 60, was quoted with approval:

"To constitute a delivery of a policy, it is not necessary that there should be an actual manual transfer from one party to the other. The agreement upon all the terms, and the issue and transmission to the agent of a policy in accordance therewith, for delivery without conditions, is tantamount to a delivery to the insured."

In the opinion in that case, written by Chief Justice STEERE, it was said:

"A contract of insurance rests upon and is controlled by the same principles of law applicable to

any other contract. What the contracting parties intended, mutually agreed to, and their minds met upon, is the measure of their obligations. They could agree that the policy, though approved and executed, should have no effect until delivered, or till a certain time had arrived, or until some other condition had been performed, and when this is established the courts have no authority to make the contract binding upon either party contrary to their intention and the terms of their express agreement.''

In *Wells* v. *Prudential Ins. Co. of America*, 239 Mich. 92, the holding in the *Bowen Case* was commented on and approved and the provisions in the application and policy for delivery were held to be binding upon the beneficiary.

The policy was not sent to the agent for unconditional delivery to the insured. It was to be delivered after the first premium was paid in full. Such payment not having been made, prior to the death of the insured, the plaintiff, as beneficiary, acquired no rights thereunder.

The judgment is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.