GORHAM *v.* PEERLESS LIFE INSURANCE COMPANY.

1. INSURANCE—ACCIDENT POLICY—PRESUMPTION OF ACCEPTANCE—RETENTION OF PREMIUM.

    A life insurance company which receives an application for accident insurance together with the initial premium therefor will be presumed to have accepted the offer if it retains the premium and fails to reject within a reasonable time.

2. CONTRACTS—OFFER AND ACCEPTANCE—SILENCE ACCOMPANIED BY ACTS OF DOMINION.

    There is a legal acceptance of an offer where the silence of the offeree is accompanied by the exercise of dominion over things offered to him, which warrants an inference of assent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 29A Am Jur, Insurance § 1838.
[4] 29 Am Jur, Insurance § 309 *et seq.*
[5] 29 Am Jur, Insurance § 258.
[6] 29 Am Jur, Insurance §§ 262, 309.

3. INSURANCE—ACCIDENT POLICY—EFFECTIVE DATE.

Finding of trial court in suit for reformation of an accident insurance policy as to effective date, that the insurer who received and retained the initial premium had accepted applicant's offer prior to death of the applicant some 30 days after application had been made *held,* proper under record presented.

4. SAME—ACCIDENT INSURANCE—EFFECTIVE DATE—AMBIGUITY.

Finding of trial court that insurance company's advertising and its application for accident insurance was ambiguous as to effective date *held,* correct, on appeal in suit to reform issued policy in respect to effective date.

5. SAME—AMBIGUITY—CONSTRUCTION OF POLICY.

An ambiguous contract of insurance that has been drafted by the insurer should be construed most favorably to the insured.

6. SAME—ACCIDENT POLICY—EFFECTIVE DATE—AMBIGUITY.

An accident insurance policy that is ambiguous as to when it becomes effective is construed as being in effect without delay less than 30 days from time application was made, where application and initial premium were received and retained and additional information sought by insurer promptly supplied.

Appeal from Midland; Holbrook (Donald E.), J. Submitted October 4, 1962. (Docket No. 24, Calendar No. 49,482.) Decided December 3, 1962.

Bill by Howard W. Gorham, administrator of the estate of William Waldo Gorham, deceased, against Peerless Life Insurance Company, a foreign corporation, to reform insurance policy as to effective date thereof. Decree for plaintiff. Defendant appeals. Affirmed.

*Weston L. Sheldon,* for plaintiff.

*Stanton, Taylor & McGraw,* for defendant.

KAVANAGH, J. Defendant insurance company appeals from a decree of the circuit court of Midland county, in chancery, reforming and changing the effective date of a hospital and accident policy and

decreeing defendant insurance company legally liable under the policy terms to pay the amount of $2,500 to the beneficiary.

Defendant contends:

1. That the trial court erred in finding that a contract of insurance existed between defendant and plaintiff's decedent before his death.

2. That a court of equity, in the absence of fraud or mistake, cannot create a contract where none existed.

3. That the court erred in finding an ambiguity in defendant's form of application for insurance.

4. That the court erred in finding that such ambiguity in the form of application for insurance created a contract of insurance before acceptance.

This chancery action was brought by plaintiff to reform the provisions of a policy issued by defendant insurance company on December 19, 1959, which provided for the payment of $2,500 to plaintiff on the death of his son, William Waldo Gorham.

William Waldo Gorham was killed in an automobile accident on December 11, 1959, or 8 days before defendant's policy of insurance became effective. Defendant concedes the policy would have been effective had the completed application been received by it prior to November 20, 1959, and had been issued prior to December 11, 1959.

Prior to November 12, 1959, plaintiff's decedent received an application blank and an advertisement of defendant encouraging him and others to purchase defendant's policy of insurance. The advertisement contained the following language:

"Your policy will be mailed to you as soon as your application is approved."

There was a postscript on the advertisement as follows:

"This policy is available to you at $1 for the first month's insurance. Your application is expected to reach our office not later than November 20, 1959."

On the application blank itself appeared the following:

## "SPECIAL OFFER!

*"Send only $1.00 for your first month's premium, during which time you will be completely insured.* One application covers the whole family. If you decide to keep the policy, you can then pay the monthly rate." (Emphasis supplied.)

There followed on the application side, this statement:

## "INTRODUCTORY OFFER

"Only $1.00 covers the first month's introductory premium regardless of the number of persons on this application. *After the first month you pay only the low rates below."* (Emphasis supplied.)

On the reverse side of the application blank appeared the following:

"How to apply for this policy—10 day approval basis—Just fill in the simple application blank on the other side and send it to us *together with only $1 for the first month's introductory premium,* regardless of how many persons are on the application. *Your policy will be mailed to you as soon as your application is approved."* (Emphasis supplied.)

Also on the reverse side of the application was this language:

"Fill out the application blank on reverse side— Mail it today! Be protected!"

William Waldo Gorham made application under date of November 12, 1959, to defendant insurance company. The application was received · by the defendant on November 16, 1959, along with $1 ad-

vance premium. Defendant insurance company retained the premium but returned the application to deceased with instructions to answer certain questions which had not been previously answered. These questions were answered and the completed application was received by defendant insurance company on December 1, 1959. The insurance company finally issued the policy on December 19, 1959, and mailed it to decedent.

The decedent, William Waldo Gorham, was instantly killed in an automobile accident on December 11, 1959, and, therefore, did not receive the policy of insurance during his lifetime.

The father of the deceased, who was the beneficiary under the policy, wrote the insurance company on December 23, 1959, claiming the application was dated November 12, 1959, the insurance premium had been advanced to the company, and, therefore, the policy should be dated effective on November 12, 1959.

The company answered, acknowledging it had received the requested information on December 1, 1959, but stated because of the tremendous volume of applications, it took some time to process the applications and issue the policies.

Plaintiff filed a bill of complaint, praying that the policy be reformed to read, "effective date of this policy is November 12, 1959," or that, in the alternative, the policy be reformed to read "effective date of this policy is December 1, 1959, or a date prior in December to December 11, 1959." The bill of complaint further prayed that the defendant insurance company be directed and ordered to permit plaintiff administrator, the beneficiary named in the policy, to file the regular notice of claim and submit proofs of loss by death as stated in the policy.

The insurance company answered praying that the court find that no policy of insurance existed

prior to December 19, 1959, and that the bill of complaint be dismissed.

The trial court in a lengthy written opinion said:

"The defendant has claimed that the insurance is not in force until it issues its policy, that it was busy and didn't have enough help to process the applications received by it, and therefore there is no policy because the plaintiff's decedent was killed in an automobile accident prior to the time when the defendant company got around to issuing the policy. The defendant company cannot lawfully retain the premium and delay the issuance of the policy because of a matter of convenience to itself, and of concern. only to itself, thus delaying acceptance and liability. * * *

"It would appear that one reading this application would understand that the policy would be in force upon its being received by the company in. satisfactory form. It doesn't say that the insurance will not be in force until after the policy has been issued, nor until after it has been processed and approved at a later date. The application indicates that the insurance is written today, tomorrow may be too late. If the application was in proper form and acceptable to the company then the insured would be covered, because the premium has been paid."

The court then went on to say that if the insurance company desired not to be bound by the application and the receipt of the first month's premium until. after the policy had been issued, or until after it had been processed and approved, it could have so stated clearly in the application.

The court concluded it was obvious there was an ambiguity that must be resolved in favor of plaintiff and construed against the defendant insurance company which drafted the application.

The court found the insurance was effective as of December 1, 1959, 10 days before plaintiff's decedent.

was killed in an automobile accident, and that the defendant insurance company was liable for the amount of the policy.

On appeal, we shall first discuss the question of whether a contract of insurance existed between defendant insurance company and plaintiff's decedent before his death.

Based on the doctrine that an application for insurance is a mere offer which must be accepted before a contract of insurance can come into existence, and that silence and inaction do not amount to an acceptance of an offer, the overwhelming weight of authority is to the effect that, at least in the absence of additional circumstances, no inference or presumption of acceptance which would support an action *ex contractu* can be drawn from mere delay or inaction by the insurer in passing on the application. But there appears to be a distinction drawn where the applicant paid the initial premium at the time the application was signed. Delay in acting on the application, along with a retention of the premium, under these circumstances is inconsistent with a rejection of the risk. Michigan has long held to this rule, it being originally established in the case of *Robinson* v. *United States Benevolent Society,* 132 Mich 695 (102 Am St Rep 436), where Justice GRANT, writing for the Court, said (p 699):

"In insurance contracts of this character it is the duty of the company to act with reasonable promptness. Failing to reject within reasonable time, the law implies an acceptance."

Justice GRANT then referred to a similar case, that of *Preferred Accident Insurance Co. of New York* v. *Stone,* 61 Kan 48, 53 (58 P 986), where the Kansas court said:

"It could not lawfully retain the premium and hold the application in abeyance. The retention of the

premium and its failure to reject the application, its holding of it while it took time to adjust a matter of concern only to itself, were tantamount to an acceptance of the application and an agreement to issue the policy."

This rule was followed by Justice EDWARDS, writing the majority opinion of the Court in *Wadsworth* v. *New York Life Insurance Co.*, 349 Mich 240, where we said (pp 255, 256):

"Appellant contends in her second issue that a contract arose as a matter of law through defendant's unreasonable delay in acceptance or rejection of the application filed by the deceased.

"It is certainly the general rule that mere silence or inaction on the part of an insurance company does not constitute assent to an application. (Citing cases.)

"We are not, however, prepared to say that there may not be circumstances which can give rise to an exception to the rule stated in the case law cited above.

"In general contract law, under circumstances which impose a duty to speak or act, the silence and inaction of an offeree can give rise to a contract by operation of law.

"American Law Institute, 1 Restatement, Contracts, § 72, says as follows:

" '(2) Where the offeree exercises dominion over things which are offered to him, such exercise of dominion in the absence of other circumstances showing a contrary intention is an acceptance. If circumstances indicate that the exercise of dominion is tortious the offeror may at his option treat it as an acceptance, though the offeree manifests an intention not to accept.'

"12 Am Jur, Contracts, § 40, p 535, says:

" 'There is a legal acceptance where silence is accompanied by acts of the offeree, such as exercise of dominion over things offered to him, which warrant an inference of assent.'

"Michigan, it appears, is among the minority of States in holding that there is a duty on the part of the insurance company to act with reasonable promptness. In *Robinson* v. *United States Benevolent Society,* 132 Mich 695, 699 (102 Am St Rep 436), this Court stated:

"'In insurance contracts of this character it is the duty of the company to act with reasonable promptness. Failing to reject within reasonable time, the law implies an acceptance.'"

Justice EDWARDS then proceeded to hold that it would be a jury question whether substantial delay in accepting or rejecting, coupled with retention of the premiums, would constitute such an unreasonable delay on the part of defendant as to imply acceptance.

In the case before us, the trial judge, sitting as trier of both the facts and the law, found as a matter of fact that on the testimonial record the delay in accepting or rejecting, coupled with retention of the premium, was such an unreasonable delay as would imply acceptance.

A review of the record in the trial court leads us to the conclusion that, based on the facts in this particular case, the trial judge was correct in his holding.

The other question raised by defendant deals with the proposition of whether there was an ambiguity in the application and advertising with reference to when the policy should go into effect.

The trial court held there was ambiguity; and a review of the record, and particularly the application and advertising, leads us to conclude the lower court was correct in so finding.

If there is any doubt or ambiguity with reference to a contract of insurance which has been drafted by the insurer, it should be construed most favorably to the insured. *Century Indemnity Co.* v. *Schmick,*

351 Mich 622. Under that rule the application and advertising in the case before us must be construed most favorably to the insured. We construe this to mean the policy would be in effect without delay.

Even though there was no specific claim of fraud and mistake pleaded in the prayer for relief, there were sufficient allegations in the bill of complaint to give the court jurisdiction and power to reform the terms of the policy.

We find, therefore, under the facts and circumstances of this particular case, that the trial court reached a correct conclusion of the law.

The decree of the lower court is affirmed. Plaintiff shall have costs.

Carr, C. J., and Dethmers, Kelly, Black, Souris, Otis M. Smith, and Adams, JJ., concurred.