Helen M. SALTER, Plaintiff,

v.

SECURITY BENEFIT LIFE INSUR-
ANCE COMPANY, a foreign cor-
poration, Defendant.

Civ. A. No. 25083.

United States District Court
E. D. Michigan, S. D.

Oct. 19, 1964.

———◆———

Frank Iannelli, Coy & Iannelli, Detroit, Mich., for plaintiff.

David G. Barnett, Fischer, Sprague, Franklin & Ford, Detroit, Mich., for defendant.

THORNTON, District Judge.

The Court has before it defendant's motion for summary judgment and plaintiff's motion to amend her Complaint.

The issue here for determination is a narrow one and depends upon the effect of nonpayment of any premium whatsoever upon the existence of a contract of insurance. The basic factual background of this controversy appears to be undisputed. It centers about a life insurance policy in the amount of $10,000 containing a provision for double indemnity. Application was made by plaintiff's husband and, prior to the issuance of the policy to the applicant, he died as a result of injuries sustained in an automobile accident. No premium was paid or tendered until nine days after his death. We set forth below the chronology of pertinent events:

| | |
|---|---|
| November 26, 1963 | Application for insurance executed |
| December 12, 1963 | Physical examination of applicant |
| January 10, 1964 | Automobile accident |
| January 13, 1964 | Death of applicant |
| January 22, 1964 | Tender of premium |

———◆———

It appears to be undisputed that between the dates of application and death no notice of either acceptance or rejection was sent by defendant insurance company to the applicant.

Counsel for each side here cite the same cases in support of their respective contentions. We have, therefore, reviewed them for ourselves. In Robinson v. United States Benevolent Society, 132

Mich. 695, 94 N.W. 211, the *premium was paid.* Also, in that case the insurance application was made June 29, 1900 in contemplation of a journey to be commenced July 2, 1900. In Wadsworth v. New York Life Insurance Co., 349 Mich. 240, 84 N.W.2d 513, not only was the initial *premium paid* with the application but four subsequent monthly premiums were paid. There was also a clause for making the policy effective as of the date of passing the physical examination. The policy was actually issued in Wadsworth. In the instant case, neither of the latter two situations prevails. In Snyder v. United Benefit Insurance Co., 371 Mich. 36, 38, 123 N.W.2d 234, 235, "[t]he total first annual *premium was paid* by the agent under an agreement with plaintiff-father that the agent would later be reimbursed therefor." (The family of the deceased had previously taken out life insurance policies through this same agent.) The question in Snyder was an issue not here present, i. e. the authority of the agent to make certain representations. Also present was the issue of whether or not the urine specimen was sent to the company before the deceased was injured. In Gorham v. Peerless Life Insurance Co., 368 Mich. 335, 341–342, 118 N.W.2d 306, 308–309 (*the premium was paid*) the court said:

"Based on the doctrine that an application for insurance is a mere offer which must be accepted before a contract of insurance can come into existence, and that silence and inaction do not amount to an acceptance of an offer, the overwhelming weight of authority is to the effect that, at least in the absence of additional circumstances, no inference or presumption of acceptance which would support an action *ex contractu* can be drawn from mere delay or inaction by the insurer in passing on the application. But there appears to be a distinction drawn where the applicant paid the initial premium at the time the application was signed. Delay in acting on the application, along with a retention of the pre-

mium, under these circumstances is inconsistent with a rejection of the risk. Michigan has long held to this rule, it being originally established in the case of Robinson v. United States Benevolent Society, 132 Mich. 695, p. 699, 94 N.W. 211, p. 212 (102 Am.St.Rep. 436), where Justice Grant, writing for the Court, said (p. 699):

"'In insurance contracts of this character it is the duty of the company to act with reasonable promptness. Failing to reject within reasonable time, the law implies an acceptance.'

"Justice Grant then referred to a similar case, that of Preferred Accident Insurance Co. [of New York] v. Stone, 61 Kan. 48, 53 (58 P. 986, 987), where the Kansas court said:

"'It could not lawfully retain the premium and hold the application in abeyance. The retention of the premium and its failure to reject the application, and its holding of it while it took time to adjust a matter of concern only to itself, were tantamount to an acceptance of the application and an agreement to issue the policy.'"

The court in Gorham then quoted from the Wadsworth case, supra, and following the quotation proceeded to say as follows in reference to Gorham:

"Justice Edwards then proceeded to hold that it would be a jury question whether substantial delay in accepting or rejecting, coupled with retention of the premiums, would constitute such an unreasonable delay on the part of defendant as to imply acceptance.

"In the case before us, the trial judge, sitting as trier of both the facts and the law, found as a matter of fact that on the testimonial record the delay in accepting or rejecting, coupled with retention of the premium, was such an unreasonable delay as would imply acceptance.

"A review of the record in the trial court leads us to the conclusion that, based on the facts in this particular case, the trial judge was correct in his holding." Gorham v. Peerless Life Ins. Co., 368 Mich. 335, 343, 118 N.W.2d 306, 310.

In American Life Insurance Co. of Alabama v. Hutcheson, 6 Cir., 109 F.2d 424, 425, the applicant allowed an existing policy to expire in reliance upon representation by the agent of defendant company that the "binding receipt and payment of the premiums put the insurance in force at once." The applicant *paid the premium* when he signed the application. In Karp v. Metropolitan Life Insurance Co., 268 Mich. 255, 256 N.W. 330 (cited by defendant only), the policy was sent to the agent but not delivered to the applicant. The concluding paragraph of the court's opinion at page 258, 256 N.W. at page 331 sums up the rationale of the opinion. It is as follows:

"The policy was not sent to the agent for unconditional delivery to the insured. It was to be delivered after the first premium was paid in full. Such payment not having been made, prior to the death of the insured, the plaintiff, as beneficiary, acquired no rights thereunder."

In that case there had been a payment of three dollars at the time application was made and this was to apply on the first premium of $34.26.

■ Plaintiff's original Complaint sounds in contract. Plaintiff seeks, by Amended Complaint, to add a count sounding in tort. The contract action is, in effect, one to recover under the terms of a policy which was never issued and was never paid for. Plaintiff states that the *application* was approved January 10, 1964, and that the company was in the process of issuing the policy on that date. Some of the delay between application and approval was due to a second urine specimen being required, which defendant claims it received January 6 and tested on January 7. Giving the plaintiff whatever benefit it may derive from the first of these two points, and the defendant whatever penalty may be deemed to have accrued on account of the second of these two points, we are unable to find any basis whatsoever for contract liability of this defendant to plaintiff. We cannot escape the two basic conceded material facts—no payment and no issuance of the policy. How can a contract of insurance be deemed to have come into existence? If more need be said, it should be the plain language appearing on the application itself, which reads that "the insurance applied for shall not take effect unless and until this application is approved by the Company at its Home Office and a full first premium according to the Company's published rates in use on this date has been paid and the policy delivered and accepted by the Owner while the Proposed Insured is alive and in good health." We can find no support in any of the cases cited to us by plaintiff for her theory as to the existence of a contract cause of action here.

■ Plaintiff's motion to amend, so as to add a count sounding in tort for negligence (unreasonable delay), should be granted if there is any possible theory upon which recovery may be had. We find the tort theory to be subject to as fatal an infirmity as the contract theory. Plaintiff has cited no case where a defendant insurance company has been held liable in a situation even remotely comparable to that presented here. The concept of negligence embraces that of the existence of some kind of duty. There is nothing alleged in the Complaint or in the proposed Amended Complaint which, by any stretch of the imagination, could imply or impose a duty which the defendant here breached. The fact of nonpayment of premium is equally controlling as to this theory. The cases which have allowed damages in tort for unreasonable delay (and there appear to be none from Michigan) have emphasized that the basis for such recovery is that the insurance company retained the premium. By virtue of having accepted an applicant's money, the

insurance company owed a duty to act within a reasonable time.

It therefor appears to the Court that there is no genuine issue here as to any material fact and that defendant is entitled to judgment as a matter of law. It also appears to the Court, for the reasons heretofore set forth, that plaintiff's motion to amend should be denied.

An appropriate order or orders may be presented.