PIETRANTONIO v. TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

1. INSURANCE—AUTOMOBILES—PASSENGERS FOR HIRE.

Plaintiff, who had recovered judgment against estate of motorist for injuries received while a passenger in car on sole occasion during which it was being demonstrated to him as a prospective purchaser, and which was insured by defendant company under policy containing exclusion from coverage clause in case car was being used in business of demonstrating or testing or for carrying passengers for a consideration, *held*, not a passenger for a consideration within meaning of exclusion clause.

2. SAME—AUTOMOBILES—ASSIGNMENT OF POLICY BY EXECUTOR OF MOTORIST'S ESTATE.

Assignment by executor of estate of deceased motorist of automobile insurance policies to injured passengers *held*, an approved method of subjecting insurer to liability under the policy.

3. Same — Construction of Policy — Technical Constructions — Exceptions to General Liability.

   In construing policy of insurance, couched in language chosen by insurer, it must be given construction most favorable to insured of which it is susceptible, technical constructions are not to be favored and exceptions to general liability are to be strictly construed against insurer.

4. Evidence—Common Knowledge—Demonstration of Used Cars —Insurance.

   It is a matter of common knowledge that a large majority of automobiles purchased are at some later date sold by the original purchaser and that the purchaser of a used car, before purchasing the same would want it demonstrated to the extent at least of either driving the car or riding therein; and automobile insurance policies are written with such facts in view.

5. Insurance—Automobiles—Business of Demonstrating a Used Car.

   Single act of insured in demonstrating his used car to a prospective purchaser *held,* insufficient reasonably to constitute him or his automobile as being engaged in the business of demonstrating it within meaning of clause of automobile insurance policy excluding coverage in case car was "used in the business of demonstrating or testing."

Appeal from Dickinson; Bell (Frank A.), J.   Submitted October 6, 1937.   (Docket No. 44, Calendar No. 39,670.)   Decided November 10, 1937.

Action by Nick Pietrantonio against Travelers Insurance Company of Hartford, Connecticut, a foreign corporation, for sums due on an automobile insurance policy.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Ray Derham,* for plaintiff.

*Raymond Turner* and *H. J. Rushton,* for defendant.

Chandler, J.   On April 7, 1935, one Emil Tonn, who held a policy of insurance on his automobile with the defendant and appellant herein, was driv-

ing his car accompanied by the plaintiff in this case. As a result of driving his car negligently, Tonn was killed and plaintiff received severe injuries.

Plaintiff filed a claim against the estate of Tonn in the probate court of Dickinson county which was denied. On appeal to the circuit court plaintiff recovered judgment which was later affirmed by this court. *Pietrantonio* v. *Tonn's Estate*, 278 Mich. 535. After affirmance of the judgment, the executor of the estate of Tonn under authority of the probate court having jurisdiction of the estate, assigned to plaintiff all the interest of the estate in and to the policy of insurance held by Tonn in defendant company together with power to collect the judgment. Plaintiff brought suit on this assignment.

Upon trial in the circuit it was stipulated and agreed between the parties that the policy of insurance issued to Emil Tonn by defendant company covered the car in which plaintiff was riding at the time the accident occurred and was in full force and effect at the time of the accident and that the policyholder, Emil Tonn, was driving the car at the time and place of said accident; that this was the only occasion on which plaintiff had ridden in a car with Tonn; that Tonn for 23 years prior to his decease had been employed by the Von Platen Fox Company of Iron Mountain as a millwright and had performed work as a millwright for said company on the morning of the accident; that at times Tonn used his car in his work as a millwright for the purpose of going to the Anderson Machine Shop located in Iron Mountain and the Ford Motor Company plant located in Kingsford for repairs necessary in the Von Platen Fox Company factory; that he used said car for pleasure as well as for the business in which he was engaged; that Tonn was not engaged in the garage business or in the selling of automobiles, and

that his only employment was that of a millwright; and that plaintiff had recovered a judgment in the circuit court for the county of Dickinson for $7,448, plus interest and costs, which judgment had been affirmed by the Supreme Court and that no part thereof had been paid. It was further stipulated that on March 9, 1937, the executor of the estate of Emil Tonn, deceased, had petitioned the probate court for the county of Dickinson asking leave to deliver to plaintiff by proper assignment any and all interest of the deceased in said insurance policy; that the probate court of Dickinson county had entered an order on the date aforesaid authorizing the executor to deliver by proper assignment said policy to this plaintiff; and that said executor had executed such an assignment to plaintiff, and gave and granted to plaintiff power to collect the judgment rendered and costs and interest thereon.

The policy of insurance involved contained numerous coverage clauses, the one being pertinent to this proceeding providing as follows:

"To pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care, maintenance and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The policy also contained, among others, the following exclusion clause:

"This agreement shall exclude any obligation of the company:

"(a) Under any of the above coverages, while the automobile is used in the business of demonstrat-

ing or testing, or as a public or livery conveyance, or for carrying passengers for a consideration, or while rented under contract or leased, unless such use is specifically declared and described in this policy and premium charged therefor.''

The case was tried before the court without a jury, and it was stipulated upon the trial that it was the claim of plaintiff, which was adopted by the jury on the trial of the case against the estate of Tonn, that at time of the accident Tonn was demonstrating the car to plaintiff as a possible purchaser. The defendant in its defense insisted:

1.    That the executor of the estate was prohibited from assigning the policy of insurance, or any interest therein, by reason of subdivision K of said policy which provided: ''No assignment of interest under this policy shall bind the company until its consent is indorsed hereon,'' and that there was no evidence of such consent.

2.    That because plaintiff recovered a judgment in the principal case upon the theory that the car was being demonstrated to him and that, therefore, he was not a guest, he is now estopped from taking the position that the car was not at the time of the accident used in the ''business of demonstrating,'' which excludes liability of the defendant.

3.    Defendant contends in its supplemental brief that plaintiff at the time of the accident was receiving the benefit of being driven in the car and having it demonstrated to him, and that, therefore, he was a passenger for a consideration and, having the car demonstrated to him for his benefit, could not recover because the mentioned exclusion clause in the policy prohibited assured from carrying passengers for hire. We do not think this claim on the part of defendant merits discussion. Plaintiff could not be

considered as a passenger for hire under any interpretation of the exclusion clause.

The position taken by defendant that the executor of the Tonn estate was prohibited from assigning the policy by reason of subdivision K thereof is untenable. This court has approved the method of reaching the insurer by such an assignment in the case of *Exo* v. *Detroit Automobile Inter-Insurance Exchange,* 259 Mich. 578.

We are, therefore, confronted with but one question. Is the plaintiff estopped from recovery by reason of the aforementioned exclusion provision in the policy because the insured at the time of the accident, with plaintiff as a passenger, was using his automobile for the purpose of demonstrating the same to him? The conceded facts are that the insured was engaged in the occupation or business of a millwright; that he was not engaged in the business of demonstrating automobiles; and that on the day of the accident in question he had been using his automobile in connection with his business. Does this single act of demonstrating his car by the owner to a prospective purchaser relieve the insurer from its liability by reason of the exclusion clause? It is a principle of law too well established in this jurisdiction and others to need discussion or citation of authorities, that a policy of insurance couched in language chosen by the insurer must be given the construction of which it is susceptible most favorable to the insured; that technical constructions of policies of insurance are not favored; and that exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer. *Pawlicki* v. *Hollenbeck,* 250 Mich. 38.

It is a matter of common knowledge that a large majority of automobiles purchased are at some later

date sold by the original purchaser, and that the purchaser of a used car before purchasing the same would desire it demonstrated to the extent at least of either driving the car or riding therein, and no one is in a better position to know these facts than defendant and other companies engaged in the business of writing automobile insurance, there being no question but that policies are written by the companies and accepted by the insured with these facts in view.

It is contended by defendant that the insured's automobile on the day in question was being used in the business of demonstrating. No automobile or any other piece of machinery is ever engaged in any business except by the aid of some human agency, and this single act of the insured would not constitute him or his automobile as being engaged in the business of demonstrating.

The exclusion clause also applies ''while the automobile is used in the business of demonstrating or testing.'' To give this clause the narrow construction contended for by defendant would put every owner of an automobile in the position that if he took his car to a garage for repairs or installation of some new equipment and after the repairing or installation desired to drive his car around the block for the purpose of determining whether the repairs or installation were satisfactory, the car while being so driven would be used in the business of testing and relieve the insurer from liability in case of an accident. Such a contention on the part of the insurer would be given little consideration by the courts.

It could not have been in the minds of the parties when this contract of insurance was entered into that this narrow construction now contended for by de-

fendant should control. Giving to this exclusion clause in the policy under consideration not a broad nor a narrow construction, but a reasonable one, it must be held that the exclusion clause by reason of the conceded facts does not exempt defendant from liability.

Judgment affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.