KLIMEK v DRZEWIECKI

Docket No. 72117. Submitted March 20, 1984, at Detroit.—Decided June 4, 1984.

Plaintiff, Barbara A. Klimek, individually and as next friend of her son, William M. Klimek, a minor, brought an action in the Wayne Circuit Court for damages for injuries received by William Klimek when he was bitten by a dog belonging to defendant Raymond B. Ridley. The incident occurred while plaintiff and her son were social guests of defendant Boleslaw Drzewiecki, the plaintiff's brother and a neighbor of Ridley. The trial court, Michael L. Stacey, J., entered an order granting defendant's motion for a summary judgment for failure to state a claim upon which relief could be granted. Plaintiff appeals. *Held:*

1. Defendant is correct in pointing out that he did not owe to plaintiff or her child the same duty that the owner of the dog owed under the circumstances presented.

2. Plaintiff's complaint was sufficient to state a claim against defendant upon which relief could be granted for breach of the duty owed by occupiers of land to their social guests. Occupiers of land owe a child social guest a duty to exercise reasonable or ordinary care to prevent injury to the child. Plaintiff's complaint was sufficient to state a claim for breach of such a duty.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2-5] 57 Am Jur 2d, Negligence §§ 1, 33 *et seq.*
[3-5] 62 Am Jur 2d, Premises Liability §§ 23 *et seq.,* 74 *et seq.*
Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.
Liability for injury to guest in home or similar premises. 25 ALR2d 598.
[4] 4 Am Jur 2d, Animals § 85 *et seq.*
[5] 57 Am Jur 2d, Negligence § 124.
62 Am Jur 2d, Premises Liability § 135.
Liability for injury or death of child social guest. 20 ALR3d 1127.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based upon a failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint and should not be granted unless, accepting as true the factual allegations in the complaint, plaintiff's complaint is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. NEGLIGENCE — ACTIONABLE NEGLIGENCE — LEGAL DUTY.

There can be no actionable negligence where there is no legal duty.

3. NEGLIGENCE — OCCUPIER OF LAND — LICENSEES — ADULT SOCIAL GUESTS — LIABILITY.

An adult social guest is to be viewed as a licensee; a possessor or occupier of land is subject to liability for physical harm to licensees by a condition on the land if, but only if, (a) the occupier knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

4. NEGLIGENCE — OCCUPIER OF LAND — LICENSEES — ADULT SOCIAL GUESTS — DOGS.

A loose, unsupervised and dangerous dog either on a defendant's land or in close proximity to the defendant's land without any obstacle to prevent it from entering the defendant's land may be found to constitute a "condition on the land" for purposes of determining a breach of the duty owed by occupiers of land to their adult social guests.

5. NEGLIGENCE — OCCUPIER OF LAND — CHILD SOCIAL GUEST — DUTY OF CARE.

An occupier of land owes a duty to a child social guest to exercise reasonable or ordinary care to prevent injury to the child.

*Frank K. Penirian, Jr.,* for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker*

(by *Gregory D. Van Tongeren),* for defendant on appeal.

Before: M. J. KELLY, P.J., and BEASLEY and J. N. O'BRIEN,* JJ.

J. N. O'BRIEN, J. In this case, plaintiff appeals as of right from a circuit court order granting defendant Drzewiecki's motion for summary judgment. Defendant Drzewiecki moved for summary judgment pursuant to GCR 1963, 117.2, subds (1) and (3), and the circuit court did not specify which subrule provided the basis for its decision. However, because defendant Drzewiecki filed no affidavits or other evidence contradicting any of the allegations of fact in plaintiff's complaint, and because the circuit court stated in its decision that it would assume for the purpose of resolving the motion that plaintiff's allegations of fact were true, we will treat the circuit court's decision as holding that plaintiff had failed to state a claim on which relief could be granted, GCR 1963, 117.2(1). A motion for summary judgment pursuant to GCR 1963, 117.2(1) tests the legal sufficiency of the complaint and should not be granted unless, accepting as true the factual allegations in the complaint, plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. See, for example, *Fidelity & Deposit Co of Maryland v Newman,* 109 Mich App 620, 622-623; 311 NW2d 821 (1981).

According to plaintiff's complaint, plaintiff is the sister of defendant Drzewiecki and the mother of William M. Klimek, who was four years old at the time the incident on which this action is based

---

* Circuit judge, sitting on the Court of Appeals by assignment.

took place. While plaintiff and her child were social guests at defendant Drzewiecki's house, the child was bitten on the face by a dog belonging to defendant Ridley, a neighbor of defendant Drzewiecki. Plaintiff's complaint alleged that the dog's attack was unprovoked, that defendant Drzewiecki knew at the time of the accident that the dog was loose and unsupervised, that the dog had previously bitten someone, and that the child was outside the residence without adult supervision.

Where there is no legal duty, there can be no actionable negligence. *Butrick v Snyder,* 236 Mich 300, 306; 210 NW 311 (1926). The arguments of defendant Drzewiecki in circuit court and on appeal have been based on a supposed lack of duty. Defendant Drzewiecki correctly points out that he did not owe to plaintiff or her child the duty that the owner of the dog owed under the circumstances presented. Compare MCL 287.351; MSA 12.544. However, plaintiff relies on the duty owed by occupiers of land to their social guests.

In *Preston v Sleziak,* 383 Mich 442, 453; 175 NW2d 759 (1970), the Court explained:

"[I]n this jurisdiction the adult social guest is to be viewed as a licensee.

"The duty which occupiers of land owe their licensees is best expressed by 2 Restatement Torts, (2d), § 342, p 210:

" 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

" '(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

" '(b) he fails to exercise reasonable care to make the

condition safe, or to warn the licensees of the condition and the risk involved, and

" '(c) the licensees do not know or have reason to know of the condition and the risk involved.' "

We hold that a loose, unsupervised and dangerous dog either on defendant's land or in close proximity to defendant's land without any obstacle to prevent it from entering defendant's land is a "condition on the land" as that term was used in *Preston* and the Restatement. Defendant Drzewiecki therefore owed to plaintiff and her child the duty specified in 2 Restatement Torts, (2d), § 342, p 210. Plaintiff's complaint was sufficient to state a claim upon which relief could be granted for breach of that duty.

Moreover, the rule stated in *Preston* was expressly limited to *adult* social guests. No Michigan authority since *Preston* had discussed the duty owed by an occupier of land to a child social guest. See, however, *Moning v Alfono,* 400 Mich 425, 444-445; 254 NW2d 759 (1977), in which the Court recognized that, where children are involved, special rules imposing higher degrees of care are not unusual. In 62 Am Jur 2d, Premises Liability, § 135, p 402, the trend in other jurisdictions is summarized:

"The rule that a social guest is a licensee to whom the host owes only the duty to refrain from active wrongdoing, and to warn of dangers known to him and not likely to be discovered by the guest, is applied to child social guests in a number of jurisdictions; but in an increasing number of jurisdictions, the courts hold the host to a duty of reasonable or ordinary care to prevent injury to a child social guest." (Footnotes omitted.)

See also Anno: *Liability for injury or death of*

*child social guest,* 20 ALR3d 1127, § 3(b), pp 1136-1140, and the cases discussed therein. These authorities lead us to recognize a duty on the part of occupiers of land owed to a child social guest to exercise reasonable or ordinary care to prevent injury to the child. Plaintiff's complaint was sufficient to state a claim on which relief could be granted for breach of such a duty.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.