**ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Linda GREEN, Individually and as Next Friend of Shari Green, and Frank Green, Defendants-Appellants,**

**Donald R. Robertson, et al., Defendants.**

**No. 86–1631.**

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1987.

Decided Oct. 22, 1987.

---

Robert Van Cleef, Becker & Van Cleef, P.C., Frank G. Becker (argued), Southfield, Mich., for defendants-appellants.

James L. Borin, Garan, Lucow, Miller, Seward, Cooper & Becker, P.C., Rosalind Rochkind (argued), Detroit, Mich., for plaintiff-appellee.

Before WELLFORD, MILBURN and NELSON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

Allstate Insurance Company, which had issued a homeowners policy to a man named Robertson, brought a diversity action seeking a judgment declaring that neither Mr. Robertson nor his fourteen-year-old son had coverage for claims asserted against them in a state court action arising out of the alleged rape of an eleven-year-old girl in the Robertson home. The federal district court entered summary judgment in favor of Allstate, holding that there was no coverage because of a policy exclusion for losses that "may reasonably be expected to result from the intentional or criminal acts of an insured person...." That judgment was appealed to this court by the plaintiffs in the state court action, who are defendants here. They have now moved for dismissal of the declaratory judgment action on the ground that it was an abuse of discretion for the federal district court to have entertained such a suit in the first place.

Finding no abuse of discretion, we shall deny the motion to dismiss. We shall reverse the judgment on the merits, however, because the rather skimpy record fails to establish that a judgment against the Robertsons in the underlying tort action would necessarily be predicated on the intentional or criminal acts of an insured person.

.     .     .     .     .

The girl and her parents initially claimed that the girl had been raped by a group of boys that included young Robertson. The Robertson boy denied having been a participant in any rape, however, and in arguing against Allstate's summary judgment motion the tort claimants advanced the theory that the boy had simply been negligent in allowing a group of his friends to use the Robertson home for immoral purposes. This theory finds support in a written statement that Allstate obtained from the boy's father.

The statement, which must be accepted as true for purposes of the summary judgment proceeding, suggests that these are the facts. The Robertson boy had a day off from school on April 20, 1983, and three male friends came to visit him at home that morning. There was no adult in the house. The young girl, who was a friend of one of the male visitors, knocked at the door around lunchtime, and young Robertson let her in. All of the boys were under the impression that the girl had been sexually active in the past. While the Robertson boy and one of his friends remained in the den of the house, the other boys took the girl into a bedroom and had sexual intercourse with her.

It was represented to the district court that discovery had been taken by both sides in the state court action. No depositions or similar discovery materials were filed with the federal court, but at oral argument on the summary judgment motion the lawyer for the girl and her parents contended that the sexual incident had been allowed to occur because of the negligence of the Robertson boy and his father. As a result of that negligence, counsel represented, the girl had contracted a venereal disease, had experienced aggravation of a

lupus condition, and had suffered physical trauma attendant upon the penetration. Counsel conceded that there would be no insurance coverage for an intentional participation in the rape by the Robertson boy, but he maintained that the insurance company had a duty to indemnify the Robertsons against any award of damages based on negligence.

We agree.

Under the policy, Allstate undertook to "pay all sums arising from the same loss which an **insured person** becomes legally obligated to pay as damages because of **bodily injury**...." (emphasis in original). The complete policy was not made part of the record, but Allstate's complaint asserts that the senior Robertson was a named insured, and there has been no suggestion that the younger Robertson was not an additional insured person under the terms of the policy. The exclusionary clause on which Allstate relies provides, in pertinent part, that:

> "**We** do not cover any **bodily injury** ... which may reasonably be expected to result from the intentional or criminal acts of an **insured person** or which is in fact intended by an **insured person**." (emphasis in original).

█ Under this language it is clear that if young Robertson had raped the girl himself, his act would have been an intentional or criminal act of an insured person and there would have been no coverage for either of the Robertsons. See *Allstate Insurance Co. v. Freeman*, 160 Mich.App. 349, 408 N.W.2d 153 (1987), where identical policy language was held to exclude coverage in respect of an intentional shooting with a gun to which, it was alleged, one insured person had negligently allowed another insured person to have access. But that is not this case. Here, by hypothesis, neither of the alleged rapists was an insured person, and it is entirely possible that any liability to which either of the Robertsons might be subjected would be solely the result of his negligence.[1]

The district court seems to have thought that coverage was excluded because young Robertson intentionally let the girl into the house, knowing of her supposed reputation, and thereby committed an intentional act from which the injuries allegedly inflicted by the other boys might reasonably have been expected to result. Under this analysis, a homeowner who knowingly created any hazardous physical condition in his house would be denied coverage in respect of his negligence. We must reject the conclusion that the Michigan courts would give the language of Allstate's policy such a construction, bearing in mind that under Michigan law " 'exceptions in an insurance

---

**1.** Allstate suggests in its brief that the state court may ultimately find that neither of the Robertsons is liable to the girl and her parents. That is true, but irrelevant. If the state court ultimately imposes liability on the Robertson boy, on the other hand, Allstate suggests that such liability "could" be based on a finding that the boy either participated in the rape directly or permitted his friends to rape the girl in his presence. That may also be true, but it hardly excludes the possibility that the Robertson boy might be found liable for negligence in failing to warn the young girl not to go into the bedroom with the other boys. Whether Michigan law does in fact recognize a cause of action for negligence in failing to warn of the danger of criminal misconduct by another is a question that the parties have not addressed, and we express no opinion on it.

The potential liability of the father may be more problematical than that of the son, but we do not believe that the district court could properly have found that Allstate established, as a matter of law, that the father was not negligent.

Allstate does not claim to have made such a showing under Rule 56, and the papers before the district court did not, in fact, establish that there was no genuine issue as to negligence on the part of the father. The complaint filed in the state court action alleges that the father allowed his son and the son's friends to have control over the family house notwithstanding that the father "knew or should have known of [their] propensity ... to commit such acts as described in the previous Count [*i.e.*, the rape], or acts similar," and we do not know what the proofs will show on this question. Allstate is defending the father in the state court action under a reservation of rights, and we know of no reason why counsel retained by Allstate could not move for summary judgment in the state court on the ground that the undisputed facts show no negligence on the father's part. We are not aware of any such motion having been filed in the state court, and it is clear that the motion filed in the federal district court was not based on that ground.

policy to the general liability provided for are to be strictly construed against the insurer.'" *Pietrantonio v. Travelers Insurance Co.*, 282 Mich. 111, 116, 275 N.W. 786 (1937), as quoted and followed in *Powers v. Detroit Automobile Inter-Insurance Exchange*, 427 Mich. 602, 398 N.W.2d 411, 420 (1986).

Allstate quotes extensively from *Illinois Employers Insurance of Wausau v. Dragovich*, 139 Mich.App. 502, 362 N.W.2d 767 (1984), where the court said that

> "[r]egardless of the label, be it negligence or intentional tort, [the insurance company] owed no duty to defend where the bodily injury arose out of an assault and battery. In the present case, it is necessary to focus on the basis for the injury and not the nomenclature of the underlying claim in order to determine whether coverage exists." 362 N.W.2d at 769.

As Allstate acknowledges elsewhere in its brief, however, the exclusionary clause in *Dragovich* provided that the insurance did not apply to injury arising out of an assault or battery committed by an insured "or by an employee or agent of the insured." The tort claimant in *Dragovich* had in fact been the victim of an assault and battery committed by employees or agents of the insured. In the case at bar, on the other hand, the tort claimant was allegedly the victim of a sexual assault committed by persons other than an "insured person," and the exclusionary clause in this case bars coverage *only* where the injuries are in fact intended by an "insured person" or may reasonably be expected to result from the intentional or criminal acts of an "insured person." This case simply is not comparable to *Dragovich.*

\*    \*    \*    \*    \*    \*

■ As to the motion to dismiss Allstate's declaratory judgment action, appellants' contention that the action belongs in state court rather than in federal court was never advanced in the federal district court. That court clearly had subject matter jurisdiction, given the citizenship of the parties and the amount in controversy, and a dismissal by the district court could only have been justified on discretionary grounds. We cannot charge the district judge with having abused a discretion she was never asked to exercise—for if she had been asked, she might very well have seen no reason not to proceed with the declaratory judgment action and we might very well have agreed with her. As this court recently observed in *Allstate Insurance Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987), "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state court jurisdiction."

Appellants' motion to dismiss is DENIED. The order of summary judgment is REVERSED, and the case is REMANDED to the district court. We intimate no view, of course, as to how this case ought ultimately to be resolved.

WELLFORD, Circuit Judge, concurring in part and dissenting in part.

I concur in the court's judgment that the district court properly denied appellant's motion to dismiss for lack of subject matter jurisdiction. Our recent decision in *Allstate Insurance Co. v. Green*, 825 F.2d 1061 (6th Cir.1987), establishes that jurisdiction is within the discretion of the district judge.

I also agree that the case should be remanded to the district court for a determination, under Michigan law, whether Donald D. Robertson (the son) could be held responsible for the victim's injury on a negligence theory. The facts presented in this procedural posture show that Donald D. Robertson allowed the victim to enter his house without warning her that it was occupied by unsupervised male friends. My reading of Michigan law at least suggests that the son could be held liable in negligence. *Cf. Klimek v. Drzewiecki*, 135 Mich.App. 115, 352 N.W.2d 361 (1984) (child social guests may create a higher standard of care for homeowners). If the district court finds no duty owed in these circumstances, I would affirm the judgment in favor of Allstate.

I would affirm the district court's finding that Allstate had no obligation to defend

Donald R. Robertson (the father) under the policy. Here the father did not know the girl was in the house, that his son's friends were in his home, or of any propensity of his son to be involved in a rape in his home. There has been no allegation that the father was aware or should have been aware of the situation; therefore I can see no basis for recovery against him under Michigan law. *See American States Insurance Co. v. Albin,* 118 Mich.App. 201, 324 N.W.2d 574 (1982) (liability of parent for acts of child will follow where he knows or has reason to know of child's acts).

I recognize that Michigan law imposes a duty upon the insurer to defend if allegations of liability against the insured would arguably come within the policy provisions. *See Detroit Edison Co. v. Michigan Mutual Insurance Co.,* 102 Mich.App. 136, 301 N.W.2d 832 (1980). I do not feel that the claim against the insured parent comes within these standards.

Because I feel it could be possible to recover against the son for negligence, as an additional insured under the policy, I would remand the case for further proceedings. I would not, however, remand based on the claim against the father.