# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL HIGHTOWER, personal representative
of the ESTATE of BRENDA HIGHTOWER,

Plaintiff-Appellant,

v

SUZANNE M. NUYEN and BOBBY JOE
NUYEN,

Defendants-Appellees,

and

NUYENS AUTOMOTIVE CONNECTION, INC.,
KYLE NUYEN, and BARBARA A. NUYEN,

Defendants.

UNPUBLISHED
November 15, 2018

No. 340637
Calhoun Circuit Court
LC No. 2016-001525-NO

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

In this negligence action, plaintiff appeals as of right the trial court's order denying his motion to amend his complaint to add a premises-liability claim after the trial court granted defendants' motion for summary disposition on plaintiff's strict-liability and ordinary-negligence claims. We affirm.

## I. BACKGROUND

The facts of this case are straightforward. Brenda Hightower (decedent) sued defendants in strict liability and ordinary negligence after she sustained injuries on their residential property. Decedent passed before her claims could be resolved and the personal representative of her estate—her brother, Michael Hightower (plaintiff)—stepped in to continue her claims.

-1-

Plaintiff claimed that decedent's injuries were caused when defendants' dog jumped on decedent, causing her to fall down and break her hip. According to plaintiff, defendant Bobby Joe Nuyen was the Hightower's family mechanic and had previously repaired decedent's vehicles. Plaintiff testified that Bobby Joe[1] ran an auto-repair business on defendants' property, and that, if any of the Hightowers wanted Bobby Joe to repair their vehicle, they would just show up at the defendants' property and ask Bobby Joe to look at the vehicle. According to plaintiff and his witnesses, on the day of her injury, decedent visited the Nuyen property to see if Bobby Joe could repair her car. Decedent stepped inside the garage and loudly announced her presence, and then defendants' unchained dog ran toward her and jumped on her, knocking her to the ground. Plaintiff testified that decedent broke her hip as a result of her fall and died while recovering from the injury.

Defendants disagreed that their dog caused decedent's injuries. According to defendants, the dog was chained in the garage and could not reach within eight feet of the door. Defendants stated that decedent incurred her injuries when she tripped over an open-and-obvious crack in the pavement. Thus, defendants moved for summary dismissal of plaintiff's strict-liability and ordinary-negligence claims under MCR 2.116(C)(10).

The parties' summary-disposition briefs focused in pertinent part on whether defendants were aware that the dog had any dangerous propensities. Defendants and their family uniformly stated that they had never seen the dog assault or bite anyone. Defendants further stated that decedent was not invited to their property on the day in question and that they were not aware that she would be stopping by. Decedent's family testified that they had visited defendants' property on several occasions and that the dog in question was never chained. Nonetheless, the family members testified that they had never seen the dog jump on anyone and that the dog would only greet them passively—walking up to them and sniffing them—if the dog acknowledged them at all. Indeed, none of the family members were aware of anyone complaining that the dog had jumped on anyone. Plaintiff himself testified that he had never witnessed the dog jump on anyone and that the dog had only passively greeted him on prior occasions. Plaintiff stated, however, that "another young lady [Pam Holly] that had been down there . . . said she had also witnessed that dog jumping on someone." "Pam Holly" is not listed on plaintiff's or defendants' witness lists; there are no sworn statements by her in the record; and there is no other reference to her in the record.

After hearing oral argument, the trial court granted defendants' motion for summary disposition. The trial court reasoned that, because there was no evidence that defendants were aware that the dog had any dangerous propensity, defendants were entitled to summary dismissal of plaintiff's strict-liability and ordinary-negligence claims. Plaintiff then moved to amend his complaint to add a premises-liability claim, asserting that decedent was an invitee on defendants' property and that, by failing to restrain their dog, defendants breached their duty to decedent to keep their property in a reasonably safe condition. Plaintiff also moved to add Kyle Nuyen as a defendant despite a prior stipulation dismissing Kyle from the suit.

---

[1] Because many parties share last names, we use first names in this opinion where appropriate.

The trial court provided plaintiff an additional period for discovery. The trial court then denied plaintiff's motion to amend and dismissed his case. The trial court reasoned that, because there was no evidence that defendants were aware of any of the dog's dangerous propensities, adding a premises-liability claim to the complaint would be futile. In light of this ruling, the trial court also dismissed plaintiff's motion to add Kyle as a defendant.

This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues only that the trial court erred by denying his motion to amend his complaint and subsequently dismissing his case. As defendants point out, plaintiff has not challenged the trial court's earlier dismissal of his strict-liability and ordinary-negligence claims. Accordingly, we will not disturb the trial court's grant of defendants' motion for summary disposition on those claims.

"The grant or denial of leave to amend pleadings is within the trial court's discretion." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 13 (cleaned up). "This Court reviews for an abuse of discretion a trial court's denial of a motion to amend a complaint." *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687; 669 NW2d 575 (2003). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *Shah*, ___ Mich App at___; slip op at 14 (cleaned up).

In general, a party may amend a pleading, as a matter of course, within 14 days after serving the pleading or being served with the opposing party's response. MCR 2.118(A)(1). Outside of that 14-day window, the pleadings may only be amended by leave of court or by the parties' agreement. MCR 2.118(A)(2). Yet, if the trial court grants summary disposition to the defendant under MCR 2.116(C)(10), "the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Shah*, ___ Mich App at ___ (cleaned up); slip op at 14; see also MCR 2.116(I)(5). "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Id*. (cleaned up).

The parties dispute whether a claim involving a dog sounds in premises liability or ordinary negligence. See *Hiner v Mojica*, 271 Mich App 604, 615; 722 NW2d 914 (2006) (noting that "there is some support for the proposition that a premises-liability action may be founded on a dog's presence on the land, *Klimek v Drzewiecki*, 135 Mich App 115, 119; 352 NW2d 361 (1984)"). We need not definitively answer this question because, even if plaintiff was able to show that his proposed claim sounded in premises liability, the proposed claim would still be futile.

In a premises-liability action, a plaintiff must prove the elements of negligence, including a duty to use ordinary care. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). "Michigan law provides liability for a breach of this duty of

ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe,* 492 Mich 450, 460; 821 NW2d 88 (2012). Under the ordinary-care standard, a dog's owner has no duty to keep the animal "under constant control." *Hiner*, 271 Mich App at 612. "However, if the possessor of such an animal has knowledge of some dangerous propensity unique to the particular animal, or is aware that the animal is in such a situation that a danger of foreseeable harm might arise, the possessor has a legally recognized duty to control the animal to an extent reasonable to guard against that foreseeable danger." *Id*. at 612-613 (cleaned up).

In dismissing plaintiff's ordinary-negligence claim, the trial court concluded that there was no material question of fact that defendants did not have notice that the dog had any dangerous propensity that would cause plaintiff's injuries. The record supports this conclusion. Three defendants testified that the dog was not aggressive or vicious. Each of plaintiff's relatives who were deposed echoed this sentiment and testified that, on each of their visits to defendants' premises, the dog would only passively greet them if it paid them any attention at all. Indeed, no person testified that they had seen the dog jump on anyone.

The only assertion of the dog jumping on anyone is plaintiff's testimony that a person named "Pam Holly" told him that she had seen the dog jump on someone else. This statement, however, is hearsay. MRE 801. At the summary-disposition stage, the trial court may consider evidence that is technically inadmissible in its current form if the evidence is capable of being produced at trial in admissible form. *Maiden v Rozwood*, 461 Mich 109, 123; 597 NW2d 817 (1999). That being said, it is the proponent's burden to bring forth the evidence in admissible form, *id*. at 121; MCR 2.116(G)(4), and plaintiff has not suggested that the statement could be provided at trial in any admissible form.

Thus, plaintiff cannot show that a material question of fact exists on whether defendants breached any duty owed to decedent as an invitee on their premises. Because defendants would be entitled to summary dismissal of plaintiff's premises-liability claim under MCR 2.116(C)(10), amendment of plaintiff's complaint to add such a claim would be futile. Moreover, the amended complaint was futile regardless of whether Kyle was a defendant. Accordingly, the trial court did not err in denying plaintiff's motion to amend his complaint.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle