*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHESTER TRIPP III,

        Plaintiff-Appellant/Cross-Appellee,

v

CARRIE BAKER,

        Defendant/Cross-Defendant/Cross-
        Plaintiff-Appellee/Cross-Appellant,

and

MATTHEW POLLACK and MELISSA POLLACK,

        Defendants/Cross-Defendants/Cross-
        Plaintiffs-Appellees/Cross-
        Appellants/Cross-Appellees.

FOR PUBLICATION
April 13, 2023
9:00 a.m.

No. 360960
Lenawee Circuit Court
LC No. 2020-006498-NO

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

CAMERON, P.J.

In this case involving injuries from a dog bite, the parties appeal the trial court's order partially granting summary disposition under MCR 2.116(C)(8) and (10). Plaintiff, Chester Tripp III, also appeals the trial court's order denying his motion for reconsideration. Because there is no error requiring our reversal, we affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

Tripp filed this lawsuit after defendant, Carrie Baker's, dog bit Tripp on his hand while he was visiting his mother's home. Tripp's mother's home is located on Cairns Street in Tecumseh, Michigan (the "Cairns Street property").

Baker's residence was near the Cairns Street property. Baker leased her residence from defendant, Matthew Pollack. A chain-link fence enclosed the backyard of Baker's property. At

-1-

some point, Matthew installed a wooden privacy fence along part of Baker's backyard that faced the Cairns Street property.

On the day in question, Baker was playing with her dog in the backyard. She then went inside her home, leaving the dog alone in the yard. At the same time, Tripp was trimming bushes in his mother's backyard. When Tripp placed his hand on top of the chain-link fence for support, Baker's dog allegedly reached its head through a broken part of the wooden privacy fence and bit Tripp's hand as it was resting on top of the chain-link fence. Tripp's hand became severely infected and he required significant medical care.

Tripp filed a complaint, alleging liability against Baker under Michigan's dog bite statute, MCL 287.351, and for common-law negligence. He later filed an amended complaint against defendants, Matthew and Melissa Pollack (collectively, "the Pollacks"), alleging premises liability for failure to maintain Baker's property in reasonable repair. Baker and the Pollacks moved for summary disposition. They contended that they were not liable for Tripp's injuries because he was trespassing at the time. The Pollacks also asserted that the danger posed by the dog was open and obvious.

The Pollacks filed a cross-claim against Baker because, in their view, Baker was solely liable for the actions of her dog. Baker filed a counter-cross-claim contending the Pollacks were liable because they were obligated to make repairs to her residence. The Pollacks moved for summary disposition of Baker's counter-claim, arguing that Matthew had a right of indemnification under the lease agreement. As to Melissa, the Pollacks argued summary disposition was appropriate because Melissa was not the owner of Baker's residence, nor was she a party to the lease agreement with Baker.

Ultimately, the trial court rejected defendants' trespassing defense. But it granted summary disposition in favor of the Pollacks as to their open and obvious defense and dismissed Baker's cross-claim. The case evaluation panel later awarded Tripp $5,000 as to Baker and the trial court entered a final order dismissing the case. Tripp moved for reconsideration of the partial grant of summary disposition, but the trial court denied the motion. This appeal followed.

II. TRIPP'S COMPLAINT

A. STANDARD OF REVIEW

The Pollacks and Baker both moved for summary disposition under MCR 2.116(C)(8) and (10). However, it is clear the trial court decided the respective motions under subsection (10). The purpose of a (C)(10) motion for summary disposition is to test the factual sufficiency of a complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A trial court properly grants summary disposition under this subsection where the proffered evidence fails to establish a genuine question of fact. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). This Court's review of such a motion considers "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Under the burden-shifting framework of this rule:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to

the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

## B. TRESPASSING

The Pollacks appeal the trial court's order that concluded there remained a genuine question of fact whether the chain-link fence was located solely on Baker's property. In their view, Tripp failed to refute their trespassing defense and, therefore, summary disposition was appropriate on that basis. We agree.

Tripp's amended complaint alleged premises liability against the Pollacks, and Tripp contended that he was injured because of their negligence. The Pollacks moved for summary disposition, in part, because Tripp was a trespasser on Baker's property; therefore, they could not be found negligent for any injuries that resulted while Tripp was trespassing. The trial court denied the Pollacks' motion for summary disposition in part, concluding there remained a genuine question of fact whether Tripp was trespassing at the time of the injury.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The duty owed to a visitor "depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013).

"An 'invitee' is a person who enters upon the land of another upon an invitation." *Id*. at 5. They are "entitled to the highest level of protection under premises liability law." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000) (quotation marks and citation omitted). As such, a landowner "has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Sanders*, 303 Mich App at 5.

By contrast, "[a] 'trespasser' is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by 'willful and wanton' misconduct." *Id*. at 4.

Again, the Pollacks' motion for summary disposition denied liability for Tripp's premises liability claim because Tripp was a trespasser on Baker's property at the time of his injury. Because Tripp was trespassing, they owed him no duty against negligence and summary disposition was appropriate on that basis. In support of this argument, they attached an affidavit from a professional surveyor which read: "Based on my knowledge, experience, and training, the

chain-link fence at-issue is solely on [Baker's property]." The Pollacks also attached a boundary survey indicating the chain-link fence was only within Baker's property. Their exhibits further included Baker's deposition testimony attesting the chain-link fence was "Mr. Pollack's fence." Baker also testified that she had never met Tripp before this incident, suggesting she did not invite Tripp to her property.

The Pollacks' proffered evidence demonstrated: (1) that the chain-link fence area was located solely on Baker's property; and (2) that Tripp was not an invitee because Baker never knew of Tripp before this incident. Thus, they made a preliminary showing that Tripp was trespassing on Baker's property at the time he was bitten. Under the burden-shifting framework of a (C)(10) motion for summary disposition, the Pollacks satisfied their burden as the moving party. As such, the burden then shifted to Tripp to show that he was lawfully on the land when his injury occurred. See *Quinto*, 451 Mich at 362-363.

Tripp's response to the Pollacks' motion for summary disposition only made an unsupported denial that the chain-link fence was solely on Baker's property. Specifically, he averred that "the chain link fence is a common boundary line that both neighbors acquiesced to the placement separating the boundaries." He also made the unsubstantiated suggestion that he was an invited guest to the Cairns Street property, and therefore was not trespassing at the time he put his hand on the chain-link fence. While Tripp's response to the motion included a number of exhibits, he pointed to nothing in the record demonstrating the neighbors acquiesced to the chain-link fence as the common boundary line between the properties.

Even so, the trial court denied summary disposition as to this issue because "there is a genuine dispute of material fact as to which parties' property the fence was on at the time of the dog-bite incident and therefore whether [Tripp] was a trespasser, which precludes summary disposition pursuant to MCR 2.116(C)(10)." This conclusion was incorrect. The Pollacks' proffered evidence demonstrates the chain-link fence was on Baker's property and Tripp failed to refute this fact with any documentary evidence. As such, Tripp did not meet his burden as the nonmoving party and the trial court erred when it did not grant the Pollacks' (C)(10) motion for summary disposition as to their trespassing claim.

## C. OPEN AND OBVIOUS

Tripp argues the trial court erred in partially granting the Pollacks' motion for summary disposition because the dangers posed by the opening in the wooden fence and the dog were not open and obvious. He also contends the trial court should not have proceeded to analyze the Pollacks' open and obvious defense, having concluded there remained a question of fact regarding the trespassing claim. We agree in part and disagree in part.

Again, premises liability requires a plaintiff to "prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton*, 270 Mich App at 440. A landowner breaches their duty when they fail to protect a visitor from dangerous conditions on the land. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Accordingly, a valid premises liability claim requires a showing that (1) there is a condition on the land, and (2) the condition is dangerous.

-4-

Tripp's complaint was based in premises liability, and he contended the danger was "a hazardous, dangerous fence left in disrepair and a dangerous animal [the Pollacks] had knowledge of being upon said premises." Thus, there were two alleged dangerous conditions at issue—the opening in the fence and the dog. On appeal, the Pollacks argue that Tripp's evidence regarding the aggressive nature of the dog is irrelevant because a dog is not a condition on the land for purposes of a premises liability claim. In other words, they seem to believe that Tripp's premises liability complaint was, at least in part, facially-defective because it did not assert a valid condition on the land.

This Court has not recently addressed whether a dog is a condition on the land for purposes of premises liability. The Second Restatement of Torts explains that a condition on the land is a "risk [a visitor] encounters" when they enter on to another's land. 2 Restatement of Torts, 2d, § 342, comment e, p 212. A condition on the land may be artificial or natural. *Id*. From our reading of the Restatement, a dog could certainly be considered a condition on the land for purposes of premises liability because it poses an artificial risk to a visitor when they enter on to another's land.

We further note that no binding caselaw has conclusively answered the question whether a dog is a condition on the land under premises liability. This question was considered, however, by one published, but not binding decision of this Court, *Klimek v Drzewiecki*, 135 Mich App 115; 352 NW2d 361 (1984).[1] In *Klimek*, the four-year-old plaintiff was playing by himself in the defendant's backyard when he was bitten by a neighbor's dog. *Id*. at 118. The plaintiff filed a premises liability action against the defendant. *Id*. The defendant countered that he owed no duty under this theory. *Id*. This Court rejected the defendant's argument, stating:

> We hold that a loose, unsupervised and dangerous dog either on defendant's land or in close proximity to defendant's land without any obstacle to prevent it from entering defendant's land is a "condition on the land" as that term was used in [*Preston v Sleziak*, 383 Mich 442; 175 NW2d 759 (1970), overruled on other grounds *Stitt*, 462 Mich at 603] and the Restatement.[2] [*Klimek*, 135 Mich App at 119.]

---

[1] Published opinions issued before November 1, 1990, are not binding on this Court. MCR 7.215(J)(1); see also *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) ("[W]e are not strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990, but we think they are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases.").

[2] This Court confronted a similar issue in *Hiner v Mojica*, 271 Mich App 604; 722 NW2d 914 (2006), but declined to answer whether a dog is a condition on the land under premises liability. The *Hiner* plaintiff was employed by a cable provider. *Id*. at 605. He and his partner were working in the defendant's backyard when the defendant's dog came loose from its leash and chased after the two men. *Id*. at 607-608. The plaintiff was able to escape the dog, but, in so doing, became stuck in mud, injuring his Achilles tendon. *Id*. The plaintiff brought a claim of ordinary negligence against the defendant for failure to control the dog. *Id*. The defendant responded, arguing the

-5-

Other states have also considered the issue of whether a dog is a condition on the land for premises liability purposes. For instance, the Texas Court of Civil Appeals, held that "[t]he presence of a dangerous dog can qualify as a dangerous condition." *Village Green Alzheimer's Care Home, LLC v Graves by & Through Graves*, 650 SW3d 608, 623 (Tex Civ App, 2021). Similarly, the Connecticut Supreme Court explained: "[A] vicious dog may qualify as a dangerous condition under the traditional, common use of this term because this court has long recognized that a landlord's common-law obligation to alleviate known dangers exists independent of the specific source of that danger." *Giacalone v Housing Auth of Town of Wallingford*, 306 Conn 399, 408; 51 A3d 352 (2012).

These authorities persuade us to conclude that that a dog qualifies as a "condition on the land" for purposes of premises liability. A prima facie case of premises liability arising from a dog bite requires a showing that: (a) the dog is the condition on the land; and (b) that the defendant had knowledge of the dog's dangerous tendencies. Using this rule, we conclude Tripp's complaint was facially-valid because it met both of these requirements.

That said, a landowner in a premises liability action owes no duty to a visitor[3] when the danger at issue is open and obvious. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 611; 537 NW2d 185 (1995). A danger is open and obvious when "an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). "This is an objective standard, calling for an examination of the objective nature of the condition of the premises at issue." *Id*. (emphasis, quotation marks and citation omitted).

The Pollacks moved for summary disposition, in part, because the dangers were open and obvious. Their motion for summary disposition focused only on the open and obvious nature of the fence, but made no argument about the open and obvious nature of the dog. The Pollacks produced evidentiary support for their contention that the opening in the fence was open and obvious by way of Tripp's deposition testimony and photographs of the fence. They did not point to any evidence demonstrating whether the dangerous nature of the dog was open and obvious.

Even so, the trial court recognized that there were two dangers at issue. Regarding the dog, the trial court noted Tripp's deposition testimony that the dog was aggressive and would come through the opening in the fence "to get you." On the basis of this evidence, the trial court concluded the opening in the fence and the dog were open and obvious dangers, therefore summary disposition was appropriate in the Pollacks' favor.

---

danger posed by the dog was open and obvious. *Id*. at 615. This Court rejected this argument, stating: "[T]he applicability of the open and obvious danger doctrine depends on the theory underlying the negligence action. The [open and obvious] doctrine applies to an action based on premises liability, but not ordinary negligence." *Id*. (citation omitted).

[3] There is an exception for invitees and a landowner may be liable to invitees for open and obvious dangers if special aspects exist to make the danger unreasonable. *Lugo*, 464 Mich at 517. Tripp does not contend there were any special aspects of the danger—therefore, special aspects were not considered.

While the trial court correctly addressed the two conditions at issue, its conclusion was incorrect. Tripp's complaint clearly set forth two dangers—the dog and the fence—yet, the Pollacks' motion for summary disposition only addressed one of these as open and obvious. As the moving parties, the Pollacks were required to present documentary evidence demonstrating no genuine dispute of fact. Because they produced no evidence showing that the dog was an open and obvious danger, they failed to meet their burden as the moving parties. It was inappropriate for the trial court to determine sua sponte whether a question of fact existed. In doing so, the trial court failed to construe the allegations in a light favorable to Tripp, the nonmoving party. The trial court should have denied summary disposition because the Pollacks failed to meet their burden showing that the dangerous conditions on the land were open and obvious.

Tripp additionally argues that the trial court should have denied summary disposition in its entirety because the trial court concluded there remained a question of material fact regarding the Pollacks' trespassing claim. According to Tripp, it was inappropriate for the trial court to analyze the Pollacks' open and obvious argument in light of its conclusions on the trespassing claim. Tripp misunderstands the nature of the Pollacks' defenses. The Pollacks' motion contended that trespassing and open and obvious were *each* a complete defense to the amended complaint. In other words, that summary disposition was denied as to one argument does not mean it should also be denied under the other argument. Thus, there is no error in the trial court also having considered the Pollacks' open and obvious argument notwithstanding its conclusion on the Pollacks' trespassing claim.

In sum, summary disposition should have been granted to the Pollacks regarding their trespassing argument. And, summary disposition was not proper as to their open and obvious argument. Although the trial court granted summary disposition on the wrong basis, this Court "will not reverse where the right result is reached for the wrong reason." *Glazer v Lamkin*, 201 Mich App 432, 437; 506 NW2d 570 (1993). Accordingly, we affirm the trial court's dismissal of Tripp's claims against the Pollacks.[4]

## III. BAKER'S CROSS-CLAIM

Baker argues the trial court erred in partially granting the Pollacks' motion for summary disposition and dismissing her cross-claim because, under the terms of the lease agreement, the Pollacks were required to indemnify her against any losses. We disagree.

## A. STANDARD OF REVIEW

Again, the Pollacks moved for summary disposition under MCR 2.116(C)(8) and (10). The trial court did not specify the subsection under which it granted the motion for summary disposition. However, it is clear from the trial court's order it did not rely on matters outside the pleadings. Therefore, we analyze the issues under MCR 2.116(C)(8). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

---

[4] We note that this analysis does not consider an argument by Baker because Baker did not raise these arguments on direct appeal, or in response to the Pollacks' and Tripp's appeals as of right.

This Court reviews de novo motions for summary disposition to determine whether the movant is entitled to judgment as a matter of law. *Maiden*, 461 Mich at 118. Motions for summary disposition under MCR 2.116(C)(8) "test[] the legal sufficiency of the complaint." *Id*. at 119. This Court should accept as true all well-pleaded factual allegations and construe them "in a light most favorable to the nonmovant." *Id*. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings." *Id*. at 119-120 (quotation marks and citations omitted).

This issue also concerns the proper interpretation of the parties' lease agreement, which is a matter of contractual interpretation. See *G & A Inc v Nahra*, 204 Mich App 329, 330; 514 NW2d 255 (1994). For purposes of a motion for summary disposition under subsection (C)(8), it is appropriate to consider the contract as part of the pleadings. See *Harper Woods Retirees Ass'n v City of Harper Woods*, 312 Mich App 500, 506 n3; 879 NW2d 897 (2015). This Court reviews de novo issues of contractual interpretation. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 426; 670 NW2d 651 (2003). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law." *Cadillac Rubber & Plastics, Inc v Tubular Metal Sys, LLC*, 331 Mich App 416, 422; 952 NW2d 576 (2020).

## B. ANALYSIS

Baker has abandoned this issue for our review. Her argument on appeal is predicated on supposed contractual terms requiring the Pollacks to indemnify her against any losses arising from this claim. Even though Baker alleges that there are contractual terms indemnifying her against the losses, she does not specify which contractual terms apply to her argument. And, other than some conclusory statements generally asserting her right to indemnification, she does not explain how the contract terms apply in this case. "Insufficiently briefed issues are deemed abandoned on appeal." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 458; 688 NW2d 523 (2004) (quotation marks and citation omitted). Therefore, we reject Baker's arguments as to this issue.

## IV. TRIPP'S MOTION FOR RECONSIDERATION

Tripp argues the trial court abused its discretion in denying his motion for reconsideration because the trial court misunderstood the danger at issue. In his view, the trial court should have granted the motion for reconsideration because the danger posed by the dog was foreseeable. We disagree.

## A. STANDARD OF REVIEW

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*.

## B. ANALYSIS

This issue, which concerns the Pollacks' open and obvious argument, is moot. "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *McCracken v Detroit*, 291 Mich App 522, 531; 806 NW2d 337 (2011). As we discussed, summary disposition should have been granted to the Pollacks as to their trespassing argument regardless of whether the trial court abused its discretion in denying the motion for reconsideration as to the open and obvious argument. Accordingly, Tripp's challenge to the motion for reconsideration, which concerns only the open and obvious argument, is moot because this Court cannot grant Tripp the relief he requests.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello